Hani Z. Sayed (State Bar No. 224233)
hsayed@rutan.com
Ravi Mohan (State Bar No. 280673)
rmohan@rutan.com
Ashley Vernick (State Bar No. 310138)
avernick@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff
ADVANCED FLOW ENGINEERING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED FLOW ENGINEERING, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INJEN TECHNOLOGY CORPORATION, LTD., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 5:23-cv-2040<br><br>**COMPLAINT FOR:**<br>**(1) PATENT INFRINGEMENT [35 U.S.C. § 271]**<br>**(2) UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE § 17200]**<br>**(3) COMMON LAW UNFAIR COMPETITION**<br>**(4) FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Advanced Flow Engineering, Inc. ("Plaintiff" or "AFE") as its complaint against defendant Injen Technology Corporation, Ltd. ("Injen") and DOES 1-10 (collectively, "Defendants") alleges as follows:

## NATURE OF THE CASE

1.      This is an action for patent infringement and unfair competition, the latter arising under the common law, the California's Unfair Competition Law, and the Lanham Act.  AFE and Injen are direct competitors within the high-performance automotive parts aftermarket and, for years, Injen has pilfered AFE's valuable

intellectual property to unfairly compete with AFE.  True to form, when AFE developed and marketed its innovative vent tube product, Injen introduced products containing imitative vent tubes shortly thereafter.  AFE's product, however, is protected by a robust patent (United States Patent No. 11,603,792 B2 [the "'792 Patent"]), which Injen's replication willfully infringes.

2.    AFE brings this action to enjoin Injen from further acts of infringement and unfair competition.  Injen—a notorious and habitual bad actor within the automotive parts aftermarket—cannot continue to filch the inventions and designs of its competitors without consequence.  AFE therefore seeks monetary damages, restitution, and injunctive relief to protect its valuable intellectual property.

## JURISDICTION AND VENUE

3.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. section 101 *et seq.,* and unfair competition arising under the Lanham Act, 15 U.S.C. section 1051, *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331 (federal question), 28 U.S.C. section 1338(a) (action arising under an Act of Congress relating to patents), and 15 U.S.C. section 1121 (actions arising under the Lanham Act).

4.    Furthermore, this Court has supplemental jurisdiction pursuant to 28 U.S.C. sections 1338(b) and 1367 over AFE's related claims arising under the laws of the State of California.

5.    Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(1) because Injen resides within this district.  Venue is also proper in this judicial district under 28 U.S.C. section 1391(b)(2) because the events or omissions giving rise to the claim occurred within this district.

## PARTIES

6.    AFE is a California corporation with its principal place of business located at 1375 Sampson Avenue, Corona, California 92879.

7.    On information and belief, Injen is a California corporation with a

primary place of business located at 244 Pioneer Pl., Pomona, California 91768.  On information and belief, Injen is the manufacturer of the accused product(s) described below.

8.      The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to AFE, which therefore sues said defendants by such fictitious names.  AFE will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained.  AFE is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

9.      AFE alleges on information and belief that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to AFE for the damages and relief sought herein.

10.      AFE alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other Defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

## GENERAL ALLEGATIONS

### Injen and AFE as Competitors

11.      AFE and Injen directly compete within the automotive components' aftermarket, which serves automotive enthusiasts who seek to enhance vehicle performance.  This aftermarket consists of a modest number of competitors, many of which are concentrated in Southern California.  These competitors strive to create novel automotive components and upgrade systems.  Such products include cold air intake systems, air filters, exhaust systems, intercoolers, and more.

12.     While most of the competitors within this niche aftermarket compete fairly, Injen is not one such competitor.  Instead, Injen notoriously copies the innovations of its competitors, thereby reaping profit without investing the time and resources in developing novel products.  In addition to copying product functionality, Injen also copies the appearance of such products.  By copying the appearance of its competitors' products, Injen unfairly siphons its competitors' goodwill.  AFE has previously fallen victim to Injen's misconduct and as described further below, one such instance of copying culminated in lawsuit and settlement.

AFE's Vent Insert

13.     The instant action concerns an automotive component called a vent tube or a vent insert.  The vent tube is a component of the cold air intake system, which sucks cool air into the engine, thereby increasing combustion and vehicle power.  The vent tube affects how the vehicle's sensor understands pressure.  Without a vent tube, users may be plagued by constant signaling from the check engine light.

14.     As described further below, AFE developed an innovative vent tube insert for which it secured patent protection ("AFE's Vent Insert").  AFE's Vent Insert can be purchased either with the entire cold air intake system or as a standalone component.  Unsurprisingly, shortly after AFE introduced this novel product, Injen began to sell products containing an imitative vent tube component, which copies both the look and technology of AFE's Vent Insert.

Injen's History of Infringement of AFE's Intellectual Property

15.     For years, Injen has copied products developed by AFE.  Indeed, Injen has engaged and continues to engage in a habitual pattern of infringing on AFE's patents and other intellectual property, while attempting to conceal the infringement.

16.     In fact, the instant dispute is not the first time in which Injen copied a component of AFE's *cold air intake systems*, with a previous incident also culminating in federal litigation.  (*See Advanced Flow Engineering, Inc. v. Injen Technology Company, LTD*, Case No. 5:17-cv-00364-SVW-SP (C.D. Cal.).)

17.     In that previous case, AFE had developed an air filter comprising part of a cold air intake system, and the air filter featured an integrated stylized window on the housing of the air filter.  In fact, AFE was the first company to incorporate an integrated stylized window in its air filter housings.

18.     Injen copied this distinctive window and accompanying design elements in its air filters for a competing cold air intake system, thereby appropriating AFE's goodwill and diverting its profits.

19.     Based on the foregoing, AFE brought suit against Injen on February 27, 2017, for (1) trade dress infringement and unfair competition under the Lanham Act; and (2) unfair competition under California's Unfair Competition Law.

20.     On November 14, 2017, the parties entered a settlement agreement, in which AFE agreed to dismiss the lawsuit, and Injen agreed "to cease and desist, and [] continue to refrain from using … the alleged AFE Trade Dress, including colorable imitations thereof or any marks which are confusingly similar thereto …." Nevertheless, as described further below, Injen's copying of its competitors' products continues unabated.

<u>AFE's Vent Insert '792 Patent</u>

21.     On March 14, 2023, United States Patent No. 11,603,792 B2, entitled "Vent Insert" (the "'792 Patent"), was duly and legally issued by the United States Patent and Trademark Office (the "USPTO").  The '792 Patent covers AFE's Vent Insert.

22.     AFE is the owner of all rights, title, and interest in and to the '792 Patent, including all rights to recover for any and all past infringement thereof.  A true and correct copy of the '792 Patent is attached hereto as **Exhibit A**.

23.     Claim 1 of the '792 Patent is representative of the invention claimed in the '792 Patent.  That claim reads as follows in full:

> A vent insert for use with the air inlet system of a turbocharger of an internal combustion engine, the vent insert comprising:

a cylindrically shaped hollow tube having a first end, a second end, an inner surface and an outer surface;

the first end of the cylindrically shaped hollow tube having an opening;

the second end of the cylindrically shaped hollow tube having an angled surface that forms an angled opening, wherein moving gas contacts the angled surface, resulting in a low pressure region;

the cylindrically shaped hollow tube adapted to cooperate with a gas inlet tube of a turbocharger system;

the outer surface of the cylindrically shaped hollow tube comprising a rim disposed circumferentially and adapted to seat the cylindrically shaped hollow tube in place;

wherein, during operation the second end extends into the gas inlet tube with the angled opening facing away from a direction of a gas flow in the gas inlet tube; and

wherein the low pressure region that can be registered by a pressure sensor in communication with an electronic control unit that in turn can regulate the turbocharger.

<u>Injen's Infringing Vent Tube</u>

24.     Shortly AFE introduced AFE's Vent Insert, Injen began to manufacture and sell cold air intake systems, which include a vent tube imitating AFE's Vent Insert.  Injen refers to this vent tube as a "Crank Case Vent Tube" or "Injen air intake Vent tube" (the "Infringing Component").

25.     On information and belief, the Infringing Component is included in several different lines of cold air intake systems manufactured and sold by Injen.  For example, under Injen's PowerFlow ("PF") product line, "PF9015P" cold air intake system (the "PF System") includes the Infringing Component.

26.     Injen's PF System is sold via its website and available at the following link:        <https://injen.com/i-30497946-injen-pf-cold-air-intake-system-polished-pf9015p.html?q=9015> Also, installation instructions for the PF System are available

online at the following link: <https://injen.com/pdf/186940>

27.    A side-by-side comparison of the Infringing Component included with Injen's PF System, on the one hand, and AFE's Vent Insert, on the other hand, shows that the overall appearance and design of AFE's patented Vent Insert and Injen's Vent Tube are substantially the same:

| Infringing Component (PF System) | AFE's Vent Insert ('792 Patent)[1] |
|---|---|
| | |
| | |

28.    As confirmed by both visual inspection of the Infringing Component and the drawings contained in the PF System installation manual, the Infringing Component encompasses the entirety of the invention in the '792 Patent.  Indeed, the

---

[1]    The figure included in the second row is exemplary Figure 5 from the '792 Patent, which provides an example illustration of the claims set forth therein.

Infringing Component meets each of the elements of Claim 1 of the '792 Patent, as further described below.

  a. The Infringing Component provides a cylindrically shaped hollow tube having a first end, a second end, an inner surface and an outer surface, as shown in the chart above (*see* Paragraph 27, *supra*);

  b. The Infringing Component provides a first end having an opening as shown below:

 

  c. On the other end, the Infringing Component provides an angled surface that forms an angled opening, wherein moving gas contacts the angled surface, resulting in a low-pressure region as shown below:

 

  d. The Infringing Component provides a cylindrically shaped hollow tube adapted to cooperate with a gas inlet tube of a turbocharger system as shown below:



**2.** Disconnect the Crankcase on the Driver side turbo near oil fill. *Fitting will have Sensor attached. Do not disconnect.* Now install the Crankcase tube inside the plastic Crankcase fitting. Make sure its installed to the direction shown above with angle cut.

**3.** Install till the fitting is bottom-out and seated properly. Re-install and connect the Crank case fitting.

e.    The    Infringing    Component    provides    a    rim    disposed circumferentially and adapted to seat the cylindrically shaped hollow tube in place as shown below:





f.    The second end of the Infringing Component extends into the gas inlet tube with the angled opening facing away from a direction of a gas flow in the gas inlet tube as shown below:



29.    On information and belief, the low-pressure region of the Infringing Component can be registered by a pressure sensor in communication with an electronic control unit that in turn can regulate the turbocharger.  Specifically, the installation manual for the Infringing Component provides "Must install the Crank Case Vent Tube properly or you may get a check engine light" as shown below:







30.    Thus, Injen has and continues to infringe the '792 Patent by making and selling the Infringing Component in the United States.

31.    Injen's manufacturing, distribution, advertising, sale and offering for sale of the Infringing Component is not authorized or approved by AFE.

Injen's Willful Infringement Will Continue

32.    On information and belief, Injen has, is and will continue to manufacture, distribute, advertise, sell and offer for sale the Infringing Component in this judicial district and throughout the United States unless enjoined by this Court.

33.    On information and belief, Injen's activities complained of herein

constitute willful and intentional infringement of the '792 Patent. Injen has known of the existence of the '792 Patent, and its acts of infringement have been willful and in disregard for the '792 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct, including in attempting to hide its sale and use of Injen's Infringing Component.

34.     Indeed, on its website, Injen does not include photographs of certain of its cold air intake systems related to its Evolution ("EVO") product line ("EVO System"), as shown below. On information and belief, this is designed to prevent AFE's discovery of Injen's infringement with respect to its EVO System.



Rutan & Tucker, LLP
attorneys at law

2945/102254-0027
19690105.5 a10/05/23

COMPLAINT

35.     Despite the lack of photographs, Injen has uploaded instructional videos on YouTube showing how to install Injen's Infringing Component into a 2018 F-150 EcoBoost engine, which, based on Injen's product website, can only take an EVO System.   Based on such information, it appears that Injen's EVO System also incorporates the Infringing Component.




2018 F-150 EcoBoost - Injen air intake Vent tube Install

Injen Technology
2.87K subscribers




2018 F-150 EcoBoost - Injen air intake Vent tube Install

Injen Technology
2.78K subscribers

36.     AFE expressly reserves the right to amend this Complaint to include allegations related to Injen's use of the Infringing Component in its EVO System, such as the EVO9109WB and EVO9109P systems, and any other cold air intake system in which Injen incorporates the Infringing Component.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '792 Patent)

37.     AFE re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

38.     On information and belief, Defendants have infringed and are infringing the '792 Patent by selling, offering to sell, making, and/or using the Infringing Component in the United States, including in this judicial district.  On information and belief, Defendants will continue to do so unless enjoined by this Court.

39.     On information and belief, Defendants have been and are currently aware of the '792 Patent and that they are infringing such patent by selling, offering to sell, making, and using the Infringing Component.  Defendants' infringement of the '792 Patent has been and will continue to be willful, wanton and deliberate with full knowledge and awareness of AFE's patent rights.

40.     AFE has been damaged in an amount to be determined at trial, but which is no less than a reasonable royalty, and has been irreparably injured by Defendants' infringing activities.  AFE will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition)

41.     AFE re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

42.     Injen's conduct and actions as alleged herein, including without limitation Injen's patent infringement in selling, offering to sell, making, and/or using the Infringing Product, willful concealment of the same, and repeated infringement of

AFE's intellectual property—despite the existence of a settlement agreement preventing such copying—constitute unfair competition under California common law.

43.    Injen has caused damage and injury to AFE, including but not limited to injury to AFE's goodwill and business reputation, as well as lost sales and other compensatory damages.

44.    As a proximate result of Injen's unfair competition, AFE has suffered damages in an amount to be proven at trial.

45.    On information and belief, Injen's conduct was done with a conscious disregard of the rights of AFE and with the intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice under California Civil Code section 3294, entitling AFE to punitive damages.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – Cal. Business & Professions Code § 17200)

46.    AFE re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

47.    Injen's conduct and actions as alleged herein, including without limitation Injen's patent infringement in selling, offering to sell, making, and/or using the Infringing Product, willful concealment of the same, and repeated infringement of AFE's intellectual property—despite the existence of a settlement agreement preventing such copying—constitute unlawful and unfair trade practices and unfair competition in violation of California Business and Professions Code Section 17200, *et seq*. and have no valid or legitimate purpose except to benefit Injen at AFE's expense.

48.    AFE is entitled to restitution and, because Injen is likely to continue with its unlawful conduct absent an injunction, a preliminary and permanent injunction against Injen.

## FOURTH CLAIM FOR RELIEF

## (Unfair Competition Under the Lanham Act – 15 U.S.C. § 1125(a))

49.    AFE re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

50.    Not only has Injen copied AFE's proprietary technology in selling products including the Infringing Component, but Injen has also copied the distinctive features of AFE's product, which has resulted in and will continue to cause confusion in the marketplace.

51.    AFE's Vent Insert features an inherently distinctive shape and design, which a significant number of potential buyers associate with AFE.  Indeed, AFE's Vent Insert is a cylindrically shaped hollow tube with an angled vent opening, which is immediately recognizable to automotive enthusiasts as emanating from AFE.  Thus, the trade dress of AFE's Vent Insert has acquired a secondary meaning within the automotive components aftermarket.

52.    Injen's creation of an imitative Infringing Component constitutes a false designation of origin that has caused or is likely to cause confusion, mistake, or deception of the public as to the source or origin of its goods.  This constitutes false designation of origin and unfair competition in violation of Lanham Act section 43(a), 15 U.S.C. section 1125(a).

53.    AFE has been damaged and is likely to be damaged by the false description and representations as to the source of Injen's Infringing Component, because there is a substantial likelihood that purchasers will be confused as to the true source, sponsorship and affiliation of such products.

54.    As a result of Injen's actions, AFE has suffered damages, severe and irreparable harm to its trade reputation and goodwill and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, AFE prays for the following relief:

1.     An award of AFE's damages and disgorgement of any profits to Defendants, according to proof at trial;

2.     Preliminary and permanent injunctions pursuant to 35 U.S.C. section 283, 15 U.S.C. section 1116, and California Business and Professions Code section 17200, *et seq.* enjoining and restraining Defendants, their officers, directors, agents, employees, successors and assigns, and all those acting in privity or concert with Defendants or any of them, from further infringement of the '792 Patent and from undertaking further acts of unfair competition;

3.     A judgment by the Court that Defendants have infringed and are infringing the '792 Patent;

4.     An award of restitution under California Business & Professions Code section 17200 *et seq.*;

5.     Treble damages for infringement of the '792 Patent, together with prejudgment interest and costs, with said damages to be trebled by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. section 284;

6.     An award of AFE's reasonable attorneys' fees pursuant to 35 U.S.C. section 285 and 15 U.S.C. section 1117(a) in that this is an exceptional case;

7.     AFE's costs of suit herein; and

8.     For such other and further relief as this Court deems just and proper.

Dated:  October 5, 2023

RUTAN & TUCKER, LLP
HANI Z. SAYED
RAVI MOHAN
ASHLEY VERNICK

By: _____
Ashley Vernick
Attorneys for Plaintiff
ADVANCED FLOW
ENGINEERING, INC.

Rutan & Tucker, LLP
*attorneys at law*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all claims which are triable to a jury in this action.

Dated:  October 5, 2023

RUTAN & TUCKER, LLP
HANI Z. SAYED
RAVI MOHAN
ASHLEY VERNICK

By: _____
Ashley Vernick
Attorneys for Plaintiff
ADVANCED FLOW
ENGINEERING, INC